# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
          **Plaintiff,**

    **v.**                                 **Case No. 08-CR-172**

**JAMES EVANS**
          **Defendant.**

---

## SENTENCING MEMORANDUM

Defendant James Evans pleaded guilty to using a telephone to facilitate a felony drug offense, contrary to 21 U.S.C. § 843(b), and I set the case for sentencing. In imposing sentence, I first calculated the advisory sentencing guideline range, then determined the ultimate sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See, e.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008).

## I. GUIDELINES

The parties agreed that defendant's offense involved 200-300 grams of cocaine, producing a base offense level of 20 under U.S.S.G. § 2D1.1(c). The parties further agreed that defendant qualified for a 2 level reduction for acceptance of responsibility under § 3E1.1, producing a final offense level of 18. Coupled with defendant's criminal history category of I, level 20 produced an imprisonment range of 27-33 months. I found these calculations correct and adopted them accordingly.

## II.  SENTENCE

**A.      Section 3553(a) Factors**

Section 3553(a) directs the district court to consider the following factors in imposing

sentence:

> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)    the need for the sentence imposed–
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3)    the kinds of sentences available;
>
> (4)    the advisory guideline range;
>
> (5)    any pertinent policy statements issued by the Sentencing Commission;
>
> (6)    the need to avoid unwarranted sentence disparities; and
>
> (7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The court must, after considering these factors, impose a sentence that is "sufficient but

not greater than necessary" to satisfy the purposes of sentencing: just punishment, deterrence,

protection of the public and rehabilitation of the defendant.  Id.  While the district court must

give respectful consideration to the guidelines in determining a sufficient sentence, Gall v.

United States, 128 S. Ct. 586, 594 (2007), it must consider the parties' arguments and

2

determine an appropriate sentence "without any thumb on the scale favoring a guideline sentence," United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). The court is free to impose a sentence outside the guideline range so long as it adequately sets forth reasons, consistent with the § 3553(a) factors, for finding the sentence appropriate for the particular defendant. United States v. Castro-Juarez, 425 F.3d 430, 436 (7th Cir. 2005).

**B.    Analysis**

**1.    The Offense**

Pursuant to its investigation of a large-scale Milwaukee area cocaine trafficking enterprise, the government obtained a wiretap for the phone of one of the main suppliers, which revealed that defendant purchased re-sale quantities of cocaine. In May of 2008, defendant called the supplier nearly 100 times. The specific count of conviction arose out of a May 22, 2008 phone call, during which defendant called the supplier and inquired about obtaining more cocaine. As indicated above, the parties agreed that over the period of his involvement with the supplier defendant obtained about 9 ounces, or 255 grams.

**2.    The Defendant**

Defendant was twenty-six years old, with a bit of a prior record: disorderly conduct in 2000, obstructing in 2003, disorderly conduct in municipal court in 2004, loitering in municipal court in 2005, two more municipal disorderly conducts and a loitering case in 2008. None of these cases scored criminal history points, so defendant fell in criminal history category I.

Defendant admitted past use of marijuana but claimed that he stopped. However, he submitted positive drug tests for codeine and morphine while on pre-trial release in this case, apparently arising out of his use another person's prescription medication. He had other

3

problems on pre-trial release, as well, including failing to report a traffic citation, moving without notice, and not finding a job. He obtained a part-time job shortly before sentencing. Defendant graduated high school and completed some college, but his work record overall was rather limited.

The record contained some positives. Defendant's had been in a long-term relationship and had three young children with his girlfriend. She described him as a good father, and it appeared their relationship would survive this case. Defendant's parents also made positive statements about him.

### 3. The Guidelines and Purposes of Sentencing

The guidelines recommended a sentence of 27-33 months, and I agreed that a prison term was necessary in this case. As noted above, defendant fell in criminal history category I despite numerous prior contacts, and the lenient treatment he previously received had not deterred him. Prison was also necessary to promote respect for the law and provide just punishment, given the damage drug trafficking causes the community.

For several reasons, I concluded that a prison sentence somewhat below the range would suffice. Defendant had never served any time in prison, and a lesser period of confinement will generally suffice to deter a defendant who has never before done time as opposed to one who has yet continues to re-offend. See United States v. Qualls, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005). Provided that he was deterred from a return to drug trafficking, the record contained no indication that defendant presented a danger to the public. He had no history of serious violence, and the instant offense likewise involved no violence, weapons, threats or other specific harmful conduct. The case also involved relatively small amounts of cocaine, with no indication of any significant profit from his dealing. Finally, I considered

4

defendant's positive personal qualities, including his family ties.

Under all of the circumstances, I found a sentence of 12 months and 1 day sufficient but not greater than necessary. This sentence provided sufficient punishment, deterrence and protection of the public. The sentence varied from the guidelines, but modestly, and because it was based on the specific facts of the case it created no unwarranted disparity.[1]

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 12 months and 1 day, followed by 1 year of supervised release. As conditions of supervision, I required defendant to participate in drug testing and treatment, disclose all financial information requested by the supervising probation officer, and attend to his child support obligations. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 5th day of November, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

_____

[1]The government noted that application of the 2 level reduction under U.S.S.G. § 2D1.1(b)(11) would have resulted in a guideline range of 21-27 months. Defendant did not argue for the reduction, but even had I applied it, see United States v. Mertilus, 111 F.3d 870, 874 (11th Cir. 1997), the sentence would have been the same under § 3553(a), see United States v. Sanner, 565 F.3d 400, 406 (7th Cir. 2009).

5